UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SHAWN D. NAILS,

          Plaintiff,

v.                                  2:08CV566

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action under 42 U.S.C. §§ 405(g), seeking judicial review of the decision of the Commissioner of Social Security to deny his claims for disability insurance benefits (DIB) and supplemental security income (SSI) under Title XVI of the Social Security Act. This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference filed May 29, 2009.

## I.  PROCEDURAL BACKGROUND

Plaintiff filed applications for both DIB and SSI on January 21, 2005, alleging that he became disabled on August 29, 2000. (R. at 18.) Plaintiff's claims were denied initially and on reconsideration. A request for a hearing was timely filed and was granted. The hearing was conducted on September 28, 2006. Plaintiff was represented by Linda Jones-Bailey, a non-attorney. Plaintiff testified, in the course of the hearing, as did a vocational expert (VE). (R. at 18.) On October 11, 2006, an administrative law judge (ALJ) denied plaintiff's claim for both DIB and SSI. (R. at 18-26.) On October 25, 2006, plaintiff filed a

request for review of the ALJ's decision.  (R. at 14.)  On January 18, 2007, the Appeals Council granted plaintiff's request for an extension of time to file additional evidence.  (R. at 12.)  On September 5, 2008, after the additional evidence had been received and considered, the Appeals Council denied plaintiff's request for review.  (R. at 7-11.) On September 28, 2008, plaintiff filed an appeal, noting that he had "more medical problems."  (R. at 6.)  On November 7, 2008, the Appeal Council granted plaintiff an extension of "time to file a civil action." (R. at 5.)  The record is devoid of any further documentation.

## II.  CONCLUSION

On December 3, 2008, plaintiff filed a complaint in federal court, appealing the Commissioner's decision, and on May 26, 2009, defendant filed an answer.  On May 29, 2009, the matter was referred to the undersigned for a report and recommendation.  On June 2, 2009, a scheduling order was issued, setting forth the date within which the parties were to file their motions for summary judgment.  Plaintiff was directed to file his motion for summary judgment on or before July 6, 2009.  On July 14, 2009, defendant filed a motion to dismiss for plaintiff's failure to prosecute his claim. (Doc. #11.)  On the same date, defendant sent plaintiff a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing plaintiff of the steps which must be taken to avoid dismissal of the case.  By Order of August 6, 2009, defendant's motion was deferred, and plaintiff was directed to either file his motion for summary judgment, on or before August 17, 2009, or show cause why this action should not be dismissed for failure to prosecute.

To date, plaintiff has failed to comply with the Court's Order of August 6, 2009, and time for doing so has expired. Plaintiff has failed to prosecute this case and comply with the orders of this Court, and therefore, the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that plaintiff's complaint be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b) and defendant's motion to dismiss be GRANTED.

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140

(1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir).


                                    _____/s/_____
                                    **James E. Bradberry**
                                    **United States Magistrate Judge**

**Norfolk, Virginia**

**August 20, 2009**

4

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Shawn D. Nails, pro se
2710 Ike St, Lot 136
Chesapeake, VA  23324


Mark A. Exley, Esq.
U.S. Attorney's Office
101 West Main St., Ste. 8000
Norfolk, VA  23510


Fernando Galindo, Clerk


By _____
             Deputy Clerk

_____, 200_